IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHERRY L. AUSTIN                                                                                              PLAINTIFF

v.                                         Case No. 4:06-cv-4060

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                                        DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Sherry Austin, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability, disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act), and supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).

**1. Procedural Background:**

Plaintiff filed her applications for DIB and SSI on April 8, 2003, alleging an onset date of June 28, 2002. (Tr. 72).[2] Plaintiff's claimed impairments included cerebral palsy, right sided weakness, poor circulation in both feet, and pain in back and hips. (Tr. 104). Plaintiff's applications were denied initially and on reconsideration. (Tr. 43-46, 51-58 ). Pursuant to Plaintiff's request, a

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

hearing before an Administrative Law Judge (ALJ) was held on November 17, 2004. The Plaintiff was present and represented by counsel, William Kirby Mouser, at the hearing. Also testifying was, Sally Mickel, a vocational expert, and a lay witness. (Tr. 301-339). After considering all of the evidence of record, the ALJ rendered a decision on April 11, 2005, finding the Plaintiff not disabled within meaning of the Act at anytime during the relevant time period. (Tr. 224-233). Plaintiff filed a request for review with the Appeals Council. (Tr. 237-241), and on July 5, 2005, the Appeals Council remanded the case for further administrative proceedings. (Tr. 234-236). A supplemental administrative hearing was held on September 14, 2005. The Plaintiff was present and represented by counsel, William Kirby Mouser, at the hearing. Also testifying was, Dan Lustig, a vocational expert, and a lay witness. (Tr. 340-378). The ALJ rendered a decision on February 23, 2006, again finding the Plaintiff not disabled within meaning of the Act at anytime during the relevant time period. (Tr. 16-26). The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on June 26, 2006. (Tr. 7-10).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

The Plaintiff appealed the decision of the Commissioner finding her not disabled. She claims the ALJ's findings are not supported by substantial evidence in the record because the ALJ rendered a decision not supported by substantial evidence; improperly substituted his opinion for that of medical experts; improperly applied the factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984); erred in failing to determine Plaintiff's impairments met an impairment listed in 20 C.F.R. part 404, Subpart P, Appendix 1; and failed to properly develop the record. The Defendant argues the ALJ's decision is supported by substantial evidence; the ALJ gave appropriate weight to the medical source opinions; evaluated Plaintiff's subjective complaints in accordance with *Polaski*; Plaintiff failed to meet her burden of demonstrating a listed impairment; and the ALJ properly developed the record.

#### A. Substantial Evidence

Prior to Step 4 of the sequential analysis, the ALJ is required to determine the claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv).[3] This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801,

---

[3]While Plaintiff's first point of error does not directly address Step 4 of the sequential analysis it does address the factual issues and medical evidence relevant to the ALJ's RFC determination.

807 (8th Cir. 2004) (*quoting Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The plaintiff has the burden of producing documents to support his or her claimed RFC.  *See Cox*, 160 F.3d at 1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Once the plaintiff meets that burden, the ALJ bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  The ALJ clearly also has the duty to develop the record, fully and fairly, even where a claimant is represented by counsel.  *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004).  The ALJ is responsible for developing the record because the social security hearings are non-adversarial.  *Id.*  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this case the ALJ found Plaintiff retained the RFC for sedentary work.  The ALJ further found Plaintiff was capable of performing her past work as a child care worker.  (Tr. 24).  Consequently, based on these findings, The ALJ found that the Plaintiff was not disabled.  (Tr. 25).

According to Plaintiff's Work History Report, she was employed as a child care worker from June 1989 to April 1996.  (Tr. 85).  Plaintiff indicated this job involved two hours of stooping, two hours of crawling and two hours of kneeling per work day.  (Tr. 86, 105, 135).  Plaintiff also indicated she spent two hours where she would write, type or handle small objects.  (Tr. 105).  At the Administrative hearing held September 14, 2005, Plaintiff testified that she worked with disabled children from birth to three years of age.  (Tr. 308).  She testified that she would have to assist in

5

moving the children, who were often physically disabled, from place to place. (Tr. 311). She also testified that the job required a lot of "getting up and down off the floor" and using her hands. (Tr. 311).

Dr. James Wright was one of Plaintiff's treating physicians since September, 2002. (Tr. 160). Dr. Wright completed a Fibromyalgia Residual Functional Capacity Questionnaire which is undated. (Tr. 210-217). Dr. Wright noted congenital back pain since September 10, 2002, depression, and a "fair" prognosis. (Tr. 210). Dr. Wright noted multiple tender points, chronic fatigue, morning stiffness, muscle weakness, frequent and severe headaches, anxiety, and depression. (Tr. 211).

Dr. Wright noted that Plaintiff could likely walk one (1) city block without rest or severe pain, could sit at one (1) time approximately 15 minutes, stand at one (1) time approximately 15 minutes, and could sit and stand/walk total approximately four (4) hours in an 8-hour working day. (Tr. 214). Dr. Wright also indicated Plaintiff would need to be able to walk around approximately every 30 minutes for about 10 minutes each time, and that she would need a job which permitted shifting positions at will from sitting, standing, or walking. (Tr. 214-215). Dr. Wright noted Plaintiff would need to take unscheduled breaks daily of about 10 minutes in duration, wherein she could "sit quietly." (Tr. 215).

Dr. Wright indicated Plaintiff could "occasionally" lift/carry 10 pounds or less, could "never" carry 20 pounds or more, could "rarely" twist, stoop, crouch, or climb stairs, and could "never" climb ladders. (Tr. 215-216). Dr. Wright documented "significant limitations" in doing repetitive reaching, handling or fingering. (Tr. 216). He determined that Plaintiff could grasp, turn, and twist

objects with her hands about 10% of the time bilaterally, engage in fine manipulations about 10% of the time bilaterally, and could reach (including overhead) about 15% of the time bilaterally. (Tr. 216). Dr. Wright concluded that Plaintiff would likely have good days and bad days, and that she would likely miss about four (4) days work per month due to her impairments or treatment. (Tr. 217).

The ALJ acknowledged this treating physician's report, but found it inconsistent with one of Dr. Wright's office notes dated August 27, 2004. (Tr. 189). Because of this inconsistency, the ALJ discounted the opinions of Dr. Wright, who the ALJ acknowledged, was of the opinion the Plaintiff could not work. The inconsistency relied on by the ALJ's was that on this particular visit in August, 2004, Plaintiff complained of "some arthralgias and stiffness" and was in no acute distress.

I do not find this office note of August 27, 2004 (Tr. 189) inconsistent with the other medical evidence. (Tr. 210-217). The fact that Plaintiff was complaining of joint pain and stiffness, yet was in no acute distress on one particular day is not inconsistent with the opinions of Dr. Wright. It is well settled that a treating physician's opinion is entitled to substantial weight unless it is unsupported by medically acceptable clinical or diagnostic data. *See Kirby Sullivan*, 923 F2d 1323, 1328 (8th Cir. 1991). In this case the opinions of Dr. Wright find support from other sources in the record. Plaintiff submitted to a neurological consultative examination by Dr. Shailesh C. Vora, on November 4, 2002. (Tr. 152-153). Dr. Vora stated Plaintiff's ability to work, stand, walk, carry and handle objects was impaired. Dr. Vora also recommended that Plaintiff receive disability benefits. (Tr. 153). The ALJ's decision does not mention this neurological consultative examination. (Tr. 16-26).

7

Other medical evidence supports the opinions of Dr. Wright as well. Plaintiff was examined by Dr. Patricia Knott on November 8, 2005, during an Orthopedic Consultative Examination. (Tr. 278-286). Dr. Knott indicated Plaintiff could "occasionally" lift/carry 20 pounds, "frequently" lift/carry less than 10 pounds, stand and/or walk at least two (2) hours in an 8-hour workday, sit less than about six (6) hours in an 8-hour workday, and pushing/pulling was limited in both upper and lower extremities. (Tr. 283-284). Dr. Knott also found Plaintiff *could never perform* work activities that involved kneeling, crouching, crawling, and stooping. (Tr. 284).

I do not find substantial evidence to support the ALJ's decision that Plaintiff has the RFC to perform her past relevant work as child care worker. When evaluating whether a claimant can return to past work, the ALJ is required to examine the claimant's limitations and to determine how those limitations affect the claimant's RFC. *See Lowe v. Apfel,* 226 F3rd 969 (8th Cir. 2000). The ALJ is also required to make explicit findings regarding the physical and mental demands of claimant's past work and compare those demands with the claimant's RFC to determine whether a claimant can perform the relevant duties. *See Id.*

The foregoing evaluation was not done by the ALJ. Here the ALJ found Plaintiff retained the RFC for sedentary work. The ALJ then relied on the opinion of vocational expert, Dr. Dan Lustig, who testified that Plaintiff performed the work of child care worker at the sedentary level. Based on this finding, the ALJ's judgment was that Plaintiff was not disabled. The medical evidence in the record shows Plaintiff has a significant limitation in work activities that involve kneeling, crawling, stooping and handling small objects. (Tr. 153,215, 216,284). These activities are necessary to perform the past relevant work of child care worker, as described by Plaintiff. (Tr.86, 105, 135).

On remand, the ALJ should perform the proper evaluation, as discussed above, to determine if Plaintiff has the RFC to perform her past relevant work of child care worker. Further, The ALJ should give substantial weight to the opinions of Plaintiff's treating physician, Dr. James Wright, unless it can be shown that these opinions are not supported by medically acceptable clinical or diagnostic data. If on remand, the ALJ determines that Plaintiff is unable to perform her past relevant work, the burden, of course will shift to the Social Security Administration to prove that Plaintiff can perform other jobs available in the national economy.[4]

**4. Conclusion:**

Accordingly, based on the foregoing, the decision of the ALJ denying benefits to the Plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for further action consistent with this opinion.

ENTERED this **22nd day of May, 2007.**

/s/  Barry A. Bryant
HON.  BARRY  A. BRYANT
U. S. MAGISTRATE JUDGE

---

[4] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.