IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


SHERRY L. AUSTIN                                                    PLAINTIFF

vs.                                    Civil No. 4:06-CV-04060

MICHAEL J. ASTRUE[1]
Commissioner, Social Security Administration                       DEFENDANT


## ORDER

Pending now before this Court is Plaintiff's Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").  (Doc. No. 10).[2]  Defendant has responded to this motion, has objected to this motion, and submits that only $2,437.50 should be awarded in attorney's fees to Plaintiff's attorneys.  (Doc. No. 11).  This matter is ready for decision.

## 1. Background:

On July 25, 2006, Sherry L. Austin ("Plaintiff") appealed the Secretary of the Social Security Administration's ("SSA") denial of her request for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  (Doc. No. 1).  On May 2, 2007, this Court entered an order reversing and remanding Plaintiff's case to the SSA.  (Doc. No. 9).  After this remand, Plaintiff filed the present motion for attorney's fees pursuant to the EAJA.  (Doc. No. 10-1).  This motion was filed on June 22, 2007.  In this motion, Plaintiff's attorneys, Eric L. Worsham and Wm. Kirby Mouser, seek approval of attorney's fees for professional services in the amount of $3,321.50.

On June 28, 2007, Defendant filed its response to Plaintiff's motion for attorney's fees.

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."

(Doc. No. 11).  In this response, Defendant objects to Plaintiff's motion for attorney's fees, claiming (A) Plaintiff's attorneys are not entitled to an EAJA fee rate of $146.00 and (B) the number of hours claimed by Plaintiff's attorneys for compensation under the EAJA is excessive.  Defendant submits that Plaintiff's attorneys are only entitled to be compensated under the EAJA for $2,437.50, which represents an award of 19.50 hours at a rate of $125.00 per hour.

## 2. Applicable Law:

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was substantially justified.  *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified").  An EAJA application must also be made within thirty days of a final judgment in an action,  *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. §

2

> 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount
> of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section
> 406(b), so that the [amount of total past-due benefits the claimant actually receives]
> will be increased by the . . . EAJA award up to the point the claimant receives 100
> percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the rate per hour, based upon the United States Department of Labor's Consumer Price Index (CPI). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

## 3. <u>Discussion:</u>

In the present action, Plaintiff's case was remanded to the SSA, and Defendant does not contest that Plaintiff is the prevailing party. (Doc. Nos. 9, 11). Defendant does not object to Plaintiff's attorneys' *entire application* for attorney's fees under the EAJA. (Doc. No. 11). Defendant only objects to the hourly rate claimed by Plaintiff's attorneys and to the number of hours claimed by Plaintiff's attorneys. *See id.* This Court construes the lack of opposition to Plaintiff attorneys' entire application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

3

### A. Plaintiff's Attorneys' Hourly Rate

Plaintiff's attorneys request an award of $3,321.50 under the EAJA, which is a rate of $146.00 per hour for the 22.75 hours which they assert were devoted to the representation of Plaintiff in this Court. (Doc. No. 10-1, Page 1). Defendant objects this request, stating that Plaintiff is only entitled to $125.00 per hour for 19.50 hours of work. (Doc. No. 11, Page 4). Defendant states that Plaintiff's attorneys are only entitled to $125.00 because they have not established a "special factor," such as the limited availability of qualified attorneys for the proceedings involved or an increase in the cost of living, to justify a higher EAJA hourly fee rate. *See id.* at 2.

Plaintiff's attorneys responded to Defendant's objection in their reply and attached a one-page "Inflation Calculator" from the United States Department of Labor's Bureau of Labor Statistics in order to establish that there has been an increase in the cost of living and in order to justify an higher rate for attorney's fees. (Doc. No. 12-1, Exhibit A). In their reply, Plaintiff's attorneys also cited *Bown v. Astrue,* 2007 WL 537715 (W.D. Ark. 2007), at *1, in support of their argument that a cost of living adjustment justifies a higher EAJA rate. (Doc. No. 12-1, Page 2). Plaintiff's attorneys noted that, pursuant to *Brown*, "a copy of the Consumer Price Index" can be used as proof of a cost of living increase and can be used to justify a higher attorney's fee rate. *See id.* Plaintiff's attorneys, however, failed to attach a copy of the Consumer Price Index to their original motion for attorney's fees or to their reply. Instead, they attached a one-page "Inflation Calculator."

Plaintiff's attorneys have provided no support for a finding that an "Inflation Calculator" may be used *in lieu* of a Consumer Price Index in order to justify an increase in an attorney's fees

4

rate.  Absent such showing, this Court cannot award Plaintiff's attorneys a higher fee rate than the $125.00 rate authorized by EAJA.

**B. Plaintiff's Attorneys' Hours Worked**

Defendant also objects to the number of hours Plaintiff's attorneys stated they worked on Plaintiff's case.  (Doc. No. 11, Pages 2-4).  Defendant claims that Plaintiff's attorneys should not be compensated for 3.25 hours, which includes 2.25 hours that were devoted to work Plaintiff's attorneys performed prior to beginning their work on the Complaint and 1.0 hour that was devoted to work "clerical" in nature.  *See id.*  In their reply, Plaintiff's attorneys noted that the 2.25 hours should be allowed because this time was submitted "clearly in preparation for the filing of the Complaint with this court."  *See Bowen v. Astrue,* 2007 WL 537715 (W.D. Ark. 2007). Plaintiff's attorneys also claim that the additional 1.0 hour for time Defendant claims is "clerical" in nature should be allowed.  (Doc. No. 10-1, Page 2).

This Court has reviewed Plaintiff's attorneys' itemization of time attached to their motion. (Doc. No. 10, Exhibit 1).  This Court finds that the 2.25 hours Plaintiff's attorneys devoted to work performed before drafting the Complaint were devoted to work "clearly in preparation for the filing of the Complaint" and should be allowed.  Furthermore, the 1.0 hour Plaintiff's attorneys devoted to sending letters and other correspondence to the Court and to Plaintiff was not simply time expended for "clerical" work and should be allowed as time expended in the representation of Plaintiff before the district court.

**4. Conclusion:**

Based upon the forgoing, the Court **GRANTS** Plaintiff's Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act (Doc. No. 10) and awards Plaintiff's attorneys

5

$2,843.75 in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.  This total represents a fee of $125.00 per hour for 22.75 hours of work.

       **ENTERED** this **24th day of July, 2007.**

                         /s/   Barry A. Bryant
                         Honorable Barry A. Bryant
                         United States Magistrate Judge